OPINION
Defendant Lora L. Goutras, Administratrix of the Estate of Cheryl L. Pledgure, deceased, appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, which found the estate is liable to plaintiff Mercy Medical Center in the amount of $53,041.02. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR THE COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF/APPELLEE., A MEDICAL SERVICES PROVIDER, WHO HAD APPLIED FOR AND ACCEPTED MEDICAID PAYMENTS WHERE THE PLAINTIFF/APPELLEE BALANCE BILLED THE GUARDIAN OF THE ESTATE OF THE MOTHER OF THE MEDICAID RECIPIENT.
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF/APPELLEE, MEDICAL SERVICES PROVIDER, WHICH BALANCE BILLED DEFENDANT/APPELLANT IN VIOLATION OF THE PROHIBITION AGAINST DOING SO AS PROSCRIBED BY OHIO ADMINISTRATIVE CODE SECTIONS 5101:3-1-60 "MEDICAID REIMBURSEMENT", 5101:3-1-172 "PROVIDER AGREEMENT", 5101:3-1-131 (A) "PAYMENT IN FULL PROVISION".
The record indicates on May 22, 1987, the Stark County Probate Court adjudicated Cheryl L. Pledgure incompetent. On March 25, 1999, Cheryl Pledgure died a in house fire. She was never restored to competency.
On January 14, 1998, Cheryl Pledgure gave birth to her daughter, Asia in Mercy Medical Center. In this action, Mercy sought to recover medical expenses for services rendered to both Cheryl and Asia. Mercy attached copies of bills presented, showing Asia's bills total $126,732.97, and a payment by Ohio Medicaid for $76,059.29.
The record indicates Mercy moved for summary judgment on November 29, 1999. The Administratrix filed her brief in opposition of the motion for summary judgment on December 22, 1999. The trial court entered judgment on February 22, 2000. Thereafter, the Administratrix filed a motion for relief from judgment on February 25, 2000, arguing the Administratrix had retained new counsel on February 15, and counsel had developed new evidence constituting a new defense. On March 6, 2000, Mercy filed a brief in opposition, responding to the Administratrix's new demands. On March 17, 2000, the Administratrix filed her appeal from summary judgment, and the trial court has not ruled on the Civ.R. 60 (B) motion. However, both of appellant's assignments of error address issues raised by the motion for relief from judgment and Mercy's response. The Administratrix urges this court can review these issues in spite of the fact the trial court has not done so, because upon summary judgment, this court addresses motions for summary judgment de novo.
We declined to review the arguments raised by the Civ.R. 60 (B) motion. This court is limited to the record as it existed for the trial court at the time of the summary judgment. Even though appellant raises issues of law, nevertheless, this court may not consider arguments which were not presented to the trial court.
We have reviewed the assignments of error, and find they assign no error to the trial court's judgment from which the appeal was taken. Rather, the assignments of error address the issues raised in the Civ.R. 60 (B) motion, which remains pending before the trial court. Accordingly, this appeal is dismissed, and the cause is remanded to the trial court to rule on the pending motions.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the appeal is dismissed, and the cause is remanded to the trial court for further proceedings in accord with law and consistent with this opinion. Costs to appellant.
 ______________________________ Gwin, P.J.,
Farmer, J., and Edwards, J., concur